## DOILL v. BOULTON & BRO.

EXEMPTION: FINDING OF FACT: EVIDENCE.

*Appeal from Wayne District Court.*

THURSDAY, MARCH 22.

THIS is an action to recover the value of a team of horses and a wagon taken upon an execution issued on a judgment in favor of defendants and against plaintiff. The ground upon which plaintiff bases his right to recover is that the property was exempt from execution, plaintiff being the head of a family and dependent upon the team for his support.

The answer of defendants denies that the property was exempt from execution and avers that it was voluntarily surrendered in execution by plaintiff. The court made a finding of facts, the cause being tried without a jury, and thereupon judgment was rendered for plaintiff. Defendants appeal.

*J. B. Evans* and *John Hays*, for appellants.

No appearance for appellee.

BECK, J.—The court found that the property was exempt from execution and that plaintiff did not voluntarily give it up to be levied upon. Counsel for defendants insist that the findings of the court are erroneous, being in conflict with the evidence. The trouble with their case is that, while seeking to bring in review before us the decision of the District Court upon the facts, they have not seen proper to bring here all the evidence. The finding of facts by the court recites some of the evidence in the case, or more properly states some facts that were proved, but does not state that no other evidence or facts were before the court.

Counsel for defendants give us in the abstract little scraps of evidence, such as the return of the officers to the writ levied upon the property, to the effect that the levy was made by consent of the execution defendant, now plaintiff in this action. But it is nowhere stated or shown that we have before us all the evidence. We are not prepared to hold that the return of the officer, showing the voluntary surrender of the property by plaintiff, is conclusive and cannot be contradicted. While we may admit that it was

competent evidence in this case, we must presume that it was overcome by other proof before the court. Judgments of courts are not so easily disposed of here; presumptions are exercised in their favor. Error therein must affirmatively appear before we can disturb them.

AFFIRMED.